IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald J. Martin, ) | C/A No. 1:10-2984-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| Michael J. Astrue, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, Ronald J. Martin, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401–433.

In a detailed and comprehensive Report and Recommendation, the Magistrate Judge assigned to this action[1] recommends that this action be remanded for further review by the Administrative Law Judge (ALJ) for three somewhat interrelated reasons. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The Commissioner has timely objected to the Report and Recommendation and disagrees with the Magistrate Judge as to each of the three grounds for remand. Accordingly,

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

the matter is now ripe for disposition by this court.

## COMBINED EFFECT OF PLAINTIFF'S IMPAIRMENTS

The Magistrate Judge observes that the ALJ correctly recited and discussed each of the plaintiff's various impairments, but failed to conduct the required review of the impairments collectively. Relying upon cases from other circuits (principally *Gooch v. Secretary of Health & Human Services*, 833 F.2d 589, 592 (6th Cir. 1987), the Commissioner suggests that the recitation of the impairments, coupled with a conclusory statement that the plaintiff did not have "an impairment or combination of impairments that [met or medically equaled] one of the listed impairments in the pertinent regulations," is sufficient.

The Magistrate Judge observes, however, that under established Fourth Circuit law, the ALJ is required to specifically address the impairments as a whole, i.e., collectively. *See Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (holding that in-turn consideration of multiple impairments is insufficient under Fourth Circuit law). In *Walker*, the Fourth Circuit overturned the ALJ's findings because, although the ALJ "discussed each of the claimant's impairments, [he] failed to analyze the cumulative effect the impairments had on claimant's ability to work." *Id*. at 50.

Similarly, in this case, the ALJ conducted a sequential evaluation of the impairments, but did not consider them collectively. The court agrees with the Magistrate Judge that a remand for expansion of the record on this point is appropriate.

## THE OPINION OF THE TREATING PHYSICIAN

The Magistrate Judge agrees with the plaintiff that the ALJ improperly discounted the opinion of Dr. David Castellone, plaintiff's long-time treating physician. The Commissioner

disagrees, suggesting that the ALJ properly evaluated Dr. Castellone's opinions and articulated in the record his reasons for discounting them.

As an initial proposition, it should be noted that the Magistrate Judge agrees with the Commissioner that Dr. Castellone's naked assertion that plaintiff is "100% disabled" under the statutory and regulatory scheme is a decision for the Commissioner, not for medical servicers. The Magistrate Judge, accordingly, finds no error in the ALJ's disregard of this bald statement.

Going further, however, the Magistrate Judge is of the opinion that the ALJ erred in suggesting that Dr. Castellone's opinions were inconsistent with his own treatment records. The Magistrate Judge points out, correctly, that the ALJ "cherry picked" selected portions of Dr. Castellone's medical records to suggest that they are inconsistent with this opinion. For example, the ALJ concluded that Dr. Castellone's opinion was not supported by his May 2000 examination notes, suggesting that these notes are records in which Castellone "reported" that plaintiff had no complaints of back problems.

In actuality, the examination notes do not specifically reference a back problem, but they do not include Dr. Castellone's report that plaintiff had "no complaints" about a back problem. Moreover, Dr. Castellone's opinions refer to numerous impairments he believes contributed to plaintiff's inability to work. The ALJ relied, however, almost exclusively on plaintiff's claimed back pain to the exclusion of discussing plaintiff's other severe impairments, such as migraine headaches and hypertension.

Accordingly, the Magistrate Judge recommends that the court remand this action with instructions for the ALJ to consider the records from 2004 as a whole, including all

3

impairments, alone and in combination, in assessing Dr. Castellone's opinions.

Because the matter will be remanded, the Magistrate Judge suggests, by way of clarification, that the ALJ did not err in discussing medical evidence prior to the alleged onset date, but merely suggests that the ALJ should not have primarily focused on the 2001 opinions in explaining why he rejected Dr. Castellone's 2004 and 2005 opinions.

### CREDIBILITY AND SUBJECTIVE COMPLAINTS

Finally, the plaintiff argued before the Magistrate Judge that the ALJ erred in discounting his subjective complaints, plaintiff argued that these claims alone were sufficient to establish the presence of debilitating pain. The plaintiff contended that the ALJ did not evaluate his subjective complaints pursuant to applicable law and regulations. The Magistrate Judge agrees, and the Commissioner has objected to the Magistrate Judge's determination, arguing here, as he did before the Magistrate Judge, that the ALJ properly found that the objective medical evidence was inconsistent with the degree of symptomology and limitation plaintiff alleged. The Commissioner concludes his argument by suggesting that the ALJ properly found that plaintiff's subjective complaints regarding the severity of his symptoms were not entirely credible.

In his decision, the ALJ explained that the plaintiff's activities of daily life (ADLs) as self-described and as described by others, were not consistent with the plaintiff's residual functional capacity (RFC). The Magistrate Judge recommends to this court that the ALJ did not, however, explain how the ADLs listed in his decision were not consistent with the plaintiff's RFC. Moreover, in evaluating plaintiff's credibility, the ALJ merely found that plaintiff's impairments could produce some of his alleged symptoms and described some of

4

plaintiff's ADLs. The ALJ did not discuss other factors referenced in SSR 96-7p, nor did he otherwise sufficiently analyze and discuss the evidence on which he relied in discounting plaintiff's pain complaints. Although the ALJ is not required to discuss every piece of record evidence, he must articulate his findings in a manner that permits this court to determine whether substantial evidence supports his decision. The Magistrate Judge suggests that the ALJ did not in this case and this court, after carefully conducting the required de novo review of the objections, agrees with the Magistrate Judge.

## CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and "whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

For the foregoing reasons, the decision of the Commissioner is hereby reversed and remanded pursuant to Sentence Four of 42 U.S.C. § 405(g) for further administrative action as set out here and in the Magistrate Judge's Report and Recommendation, which is incorporated herein by reference.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

December 7, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

5